STATE OF NORTH CAROLINA v. RAYMOND CHARLES CREASON

No. 8319SC899

(Filed 5 June 1984)

1. **Constitutional Law § 67— confidential informant—disclosure of identity not required**

    The trial court was not required by G.S. 15A-978(b) or by constitutional decisions to compel the State to disclose the identity of a confidential informant so that defendant could attempt to show by the informant that an affidavit for a search warrant was false.

2. **Narcotics § 5— guilty of possessing LSD with intent to sell or deliver—improper verdict**

    An indictment alleging that defendant possessed LSD "with intent to sell or deliver" alternatively charged two crimes of possessing LSD with intent to sell it and possessing LSD with intent to deliver it, and a verdict finding defendant guilty of possession of LSD with intent to sell or deliver it was uncertain and insufficient to convict defendant of either of the crimes charged since some jurors could have found defendant guilty of possessing the LSD with intent to sell while others could have found him guilty of possessing it with intent to deliver. However, since the verdict shows that the jurors unanimously found that defendant feloniously possessed the LSD, the verdict will be treated as a verdict convicting defendant of the lesser-included offense of possession of LSD.

APPEAL by defendant from *Long, James M., Judge.* Judgment entered 30 March 1983 in Superior Court, ROWAN County. Heard in the Court of Appeals 15 February 1984.

Tried under two separate indictments, defendant was convicted of possession of both marijuana and LSD with intent to sell or deliver, in violation of G.S. 90-95(a)(1).

On 28 October 1982 Deputy M. W. Shue of the Rowan County Sheriff's Department received information from vice officers in the Lexington Police Department that the defendant was actively engaged in the selling of illegal drugs from his residence in Rowan County. The Lexington officers put Deputy Shue in touch with an informant who had previously proven to be reliable, and Shue sent him to defendant's house to buy drugs if any were for sale. Thereafter, the informant bought some LSD from defendant and reported that defendant still had both LSD and marijuana, as well as other illegal drugs, on his premises. Using this information, Deputy Shue obtained a search warrant, and assisted by other officers, searched defendant's house and found a considerable amount of marijuana and LSD. Prior to trial defendant moved under G.S. 15A-925 for a bill of particulars to require the State to disclose the name, address, and occupation of the confidential informant, and also moved under G.S. 15A-974 to suppress all evidence obtained during the search. At the hearing thereon, Deputy Shue and the two Lexington police officers who put him in touch with the informant testified for the State; and Stephen Young testified for the defendant, claiming they were together at a bar in Woodlief at the time when the informant was allegedly at defendant's house buying and observing illegal drugs.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defenders Ann B. Petersen and James A. Wynn, Jr., for defendant appellant.*

PHILLIPS, Judge.

[1]  Defendant's main contention is that the trial judge erred in denying his motion to require the State to disclose the name of the confidential informant. The contention is not grounded upon the claim that the informant was a transactional witness whose identity was discoverable under *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957), but upon the claim that without the information he cannot show that the search war-

rant was without proper support and therefore void. Although an affidavit made to obtain a search warrant carries a presumption of validity, it can be challenged after the warrant has been issued; but to succeed, the challenger must establish that a false statement was included, either to the affiant's knowledge or with reckless disregard for the truth, and that the false statement was necessary for a finding of probable cause. Under *Franks v. Delaware*, 438 U.S. 154, 57 L.Ed. 2d 667, 98 S.Ct. 2674 (1978), if a defendant offers to prove the invalidity of a search warrant, he must be given the opportunity at a hearing before the judge to establish the truth of his claim by a preponderance of the evidence; and if he succeeds, the fruits of the search must be excluded. Judge Long conducted the hearing required by *Franks*, but found that defendant had failed to prove that the affidavit for the search warrant was false. The finding as such is not attacked by defendant, which would have been unavailing in any event, since it is supported by competent evidence. Instead, the bootstrap claim is made that disclosure was required because without that information he cannot prove that the search warrant affidavit was false. We disagree and thus overrule this assignment of error.

In this state, whether an informant's identity must be disclosed is governed in large part by G.S. 15A-978, which in pertinent part provides as follows:

> (b) In any proceeding on a motion to suppress evidence pursuant to this section in which the truthfulness of the testimony presented to establish probable cause is contested and the testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the defendant is entitled to be informed of the informant's identity unless:
>
> > (1) The evidence sought to be suppressed was seized by authority of a search warrant or incident to an arrest with warrant; or
> >
> > (2) There is corroboration of the informant's existence independent of the testimony in question.
>
> The provisions of subdivisions (b)(1) and (b)(2) do not apply to situations in which disclosure of an informant's identity is required by controlling constitutional decisions.

Manifestly, disclosure in this instance was not required under either subdivision, since defendant was attempting to suppress evidence seized pursuant to a search warrant, and Deputy Shue's version of the informant's participation was corroborated; not only by the testimony of the two Lexington officers that had been using the informant, but also by the fact that the contraband that the informant described was found on defendant's premises, along with the marked bills that the deputy gave the informant to buy the drugs with. Thus, if defendant was entitled to disclosure, it was only because of "controlling constitutional decisions." No constitutional decision which requires that a defendant be apprised of a confidential informant's identity so that he may prepare for a *Franks* hearing as to the falsity of a search warrant affidavit has been found by us, and no such decision has been called to our attention by counsel. In the absence of an authoritative directive to that effect, we decline to rule that the Constitution requires disclosure under the circumstances presented.

The importance of confidential informants in the enforcement of narcotics laws has been extensively discussed in many cases and need not be repeated here. *See McCray v. Illinois*, 386 U.S. 300, 18 L.Ed. 2d 62, 87 S.Ct. 1056, *reh. denied*, 386 U.S. 1042, 18 L.Ed. 2d 616, 87 S.Ct. 1474 (1967). Disclosure of a confidential informant's identity has been required only when the issue involved was guilt or innocence and the informant participated in the alleged criminal transaction. *See Roviaro v. United States, supra.* The reasons for disclosure are less compelling when the question is the preliminary one of probable cause for conducting a search, *State v. Collins*, 44 N.C. App. 141, 260 S.E. 2d 650 (1979), *aff'd*, 300 N.C. 142, 265 S.E. 2d 172 (1980), and the defendant's guilt is so plain as to almost be indisputable. In this instance, disclosure could not facilitate the exoneration of an innocent man, but it could impede the enforcement of our drug laws. Under the circumstances, therefore, defendant's need for disclosure must yield to the State's need to preserve the confidentiality of its informant.

Defendant next contends that his right to a fair trial was prejudiced by the bad faith attempts by the prosecutor and Deputy Sheriff Shue to introduce evidence known to be inadmissible. Bypassing the fact that many of the questions and answers, now marked in the transcript with typed in exceptions, were not ob-

jected to as the rules require, the contention is without merit. The questions and answers concerned things found on defendant or in defendant's home, including the marked money and two collections of pills, but they were not found during the search authorized by the warrant, and the court refused to admit them. The proposed exhibits and the proffered testimony concerning them were harmless in our opinion. What was much more damaging, we think, were the quantities of LSD and marijuana that were received into evidence, rather than the other objects which were excluded.

[2] But the defendant's final contention, that the verdict on the LSD count does not support the judgment because it is ambiguous, is well taken. Since the illegal traffic in drugs, like other commerce, is kept going by a variety of different acts and functions, the General Assembly has made many of them unlawful. Except under certain circumstances not relevant hereto, G.S. 90-95(a)(1) makes it unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." Since manufacturing, selling and delivering are not the same acts, this statute establishes six different crimes — three based on the different acts of manufacturing, selling or delivering a controlled substance, and three more based on possessing a controlled substance with the intent to either manufacture, sell or deliver it. G.S. 90-95(d)(1) closes the circle, as it were, by making the mere possession of LSD and certain other controlled substances, if unauthorized, a lesser included felony of the greater offense banned by the preceding section. *State v. Smith*, 27 N.C. App. 568, 219 S.E. 2d 516 (1975). By its indictment, based on G.S. 90-95(a)(1), the State charged that defendant "feloniously did possess with intent to sell or deliver a controlled substance, namely 46 units of Lysergic Acid Diethylamide." Thus, two distinct crimes in the alternative were charged — possessing LSD with intent to sell it, or possessing LSD with intent to deliver it — and the verdict, in the same disjunctive form, was "Guilty of possession of Lysergic Acid Diethylamide with intent to sale [sic] or deliver it." Since so far as the record shows, some jurors could have found defendant guilty of possessing the LSD with intent to sell, while others could have found him guilty of possessing it with intent to deliver, and it does not positively appear, as our law requires, that all twelve jurors found him guilty

of the same offense, the verdict is uncertain and therefore insufficient to support his conviction of either of the crimes charged. *United States v. Gipson,* 553 F. 2d 453 (5th Cir. 1977); *State v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381 (1953). But since the verdict shows that the jurors unanimously found that defendant feloniously possessed the LSD, rather than order a new trial on this count, we choose, as the law authorizes in such situations, to regard the verdict as convicting defendant of the lesser included offense of possession of LSD, which issue was also before the jury, and remand for re-sentencing accordingly. *State v. Baldwin,* 61 N.C. App. 688, 301 S.E. 2d 725 (1983).

In Case No. 82CRS12266, in which defendant was convicted of felonious possession of marijuana with intent to sell *and* deliver, we find

No error.

In Case No. 82CRS12267, in which defendant was convicted of possessing Lysergic Acid Diethylamide with the intent to sell *or* deliver, we remand for entry of judgment as on a verdict of the lesser included offense of possession of LSD.

Remanded for re-sentencing.

Judges WELLS and BRASWELL concur.