For the reasons herein stated, we find no error.

Affirmed.

Judges WEBB and BRASWELL concur.

---

STATE OF NORTH CAROLINA v. MARJORIE HUDSON

No. 842SC57

(Filed 20 November 1984)

**1. Criminal Law § 70— tape recordings—admissible**

The court did not err by admitting tape recordings of conversations between defendant and an S.B.I. agent where the agent testified that he checked the tape recorder for accuracy prior to taping each conversation by speaking into the microphone and playing it back, that he had used the same machine "hundreds of times," that the machine was capable of recording testimony, that the machine was working properly when the conversations were taped, that he was familiar with the voices of defendant and her husband, that the voices on the tape belonged to defendant and her husband, that the tape had been in the agent's custody from the time it was recorded until the time of trial, and that the agent had made no changes, additions or deletions since the tapes were recorded. Furthermore, the recording device was used to obtain only the most reliable evidence possible of a conversation in which the State's own agent was a participant and which that agent was fully entitled to disclose.

**2. Narcotics § 3.1— prosecution for possession with intent to sell cocaine—device for smoking marijuana—inadmissible**

In a prosecution for felonious possession of cocaine with intent to sell and deliver, admission of a device said to be used in smoking marijuana was erroneous; however, the error was made harmless by the court's granting a motion to strike.

**3. Criminal Law § 106— motion to dismiss—evidence sufficient**

In a prosecution for possession of cocaine with intent to sell and deliver, defendant's motions to dismiss were properly denied where there was evidence from which the jury could find defendant guilty.

**4. Narcotics § 2; Indictment and Warrant § 9.7— disjunctive indictment—possession with intent to sell or deliver—incorrect**

An indictment which alleged possession with intent to sell *or* deliver cocaine, in the disjunctive, was incorrect, but defendant waived the defect by not moving to dismiss the indictment.

**5. Narcotics § 5; Criminal Law § 124.1— disjunctive verdicts—possession with intent to sell or deliver—improper**

The verdict of "possession with intent to sell *or* deliver" cocaine was inherently ambiguous and did not support the judgment.

APPEAL by defendant from *Llewellyn, Judge*. Judgment entered 24 August 1983 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 26 September 1983.

Defendant was indicted for two counts of felonious possession of cocaine with intent to sell or deliver and one count of felonious possession of cocaine. The charge of felonious possession of cocaine was dismissed and defendant was convicted of both counts of felonious possession of cocaine with intent to sell or deliver at a jury trial. Defendant was sentenced to two consecutive three year terms of imprisonment. Defendant appeals.

Defendant was indicted, as was her husband, Jimmy Colin Hudson, for possession of cocaine with intent to sell or deliver. Defendant's husband pleaded guilty to three counts of the crime charged and defendant proceeded to trial on two counts.

The evidence tended to show that Eugene Bryant, a Special Agent for the North Carolina State Bureau of Investigation, made several contacts with defendant's husband, Jimmy Hudson. Later, Agent Bryant began making telephone calls to the defendant's residence where defendant resided with her husband.

On or about 1 September 1982, Agent Bryant purchased cocaine from defendant's husband at defendant's residence.

On or about 30 November 1982, Agent Bryant telephoned defendant's residence and asked for Jimmy Hudson. Defendant responded that Jimmy Hudson could not come to the telephone. Agent Bryant then told defendant he wanted to purchase a gram of cocaine and asked defendant if she could handle it for him. Defendant replied that she could. Agent Bryant then went to the defendant's residence and purchased cocaine from Jimmy Hudson.

On or about 10 December 1982, Agent Bryant again telephoned the defendant's residence and spoke with defendant, asking her if she had any cocaine. Defendant replied that she did. Agent Bryant asked if he could come to her residence at approximately 9:30 p.m. and defendant replied that he could. Agent Bryant then relayed this information to Officer William Boyd of the Beaufort County Board of Alcoholic Beverage Control.

Officer Boyd obtained a search warrant and, accompanied by other law enforcement officers, searched the defendant's residence. A quantity of cocaine was found along with other drug paraphernalia and defendant was arrested.

Defendant's husband testified at her trial. His testimony tended to show that the cocaine was his but his wife knew of its existence. He also testified that defendant did not approve of his selling cocaine and did not use cocaine herself.

*Attorney General Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*William B. Cherry for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the admission into evidence of tape recordings of conversations between Agent Bryant and the defendant. The basis of defendant's argument is that there was no proper foundation laid for the admission into evidence of the tape recordings in question. We find no error.

To lay a proper foundation for admission into evidence of tape recordings, the State must properly authenticate the evi-

dence. In *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971) our Supreme Court set forth the factors which must be shown for proper authentication:

(1) That the recorded testimony was legally obtained and otherwise competent;

(2) That the mechanical device was capable of recording testimony and that it was operating properly at the time the statement was recorded;

(3) That the operator was competent and operated the machine properly;

(4) The identity of the recorded voices;

(5) The accuracy and authenticity of the recording;

(6) That defendant's entire statement was recorded and no changes, additions, or deletions have since been made; and

(7) The custody and manner in which the recording has been preserved since it was made.

These standards have been approved in *State v. Detter*, 298 N.C. 604, 260 S.E. 2d 567 (1979); *State v. Griffin*, 308 N.C. 303, 302 S.E. 2d 447 (1983); and most recently in *State v. Toomer*, 311 N.C. 183, 316 S.E. 2d 66 (1984).

Agent Bryant testified that he checked the tape recorder for accuracy prior to taping each conversation by speaking into the microphone and playing it back to see if the machine was operative. He testified that he had used this same machine "hundreds of times." He further testified that the machine was capable of recording testimony and that the machine was working properly when the calls were taped. Agent Bryant testified that he was familiar with the voices of defendant and her husband and that the voices on the tape belonged to defendant and her husband. He also testified that he had made no changes, additions or deletions since the tapes were recorded and that the tape had been in his custody from the time it was recorded until the time of trial. Further, it appears from the record that the recorded statements were legally obtained and otherwise competent. The recording device was used only to obtain the most reliable evidence possible of a conversation in which the State's own agent was a partici-

pant and which that agent was fully entitled to disclose. The risk that defendant took by orally offering to provide cocaine for Agent Bryant fairly included the risk that the offer would be accurately reproduced in court, whether by faultless memory or mechanical recording. See *Lopez v. United States*, 373 U.S. 427 (1963).

We have carefully examined the record here and hold that the State has met all of the authentication requirements of *State v. Lynch, supra.* The trial court did not err in admitting the tape recordings in question into evidence.

## II

[2] Defendant next assigns as error the admission into evidence of irrelevant, immaterial and prejudicial evidence. The basis of defendant's argument is the admission into evidence of a "power hitter," a device said to be used in smoking marijuana. Defendant argues that the "power hitter" had no reasonable connection to proof of the charge of felonious possession of cocaine with intent to sell or deliver. We agree that it was error to admit the "power hitter" into evidence under the facts of this case. However, the error was made harmless by the trial court's granting a motion to strike as to the "power hitter." Defendant shows no prejudice by this assignment of error.

## III

[3] Defendant finally assigns as error the trial court's denial of defendant's motions to dismiss made at the close of the State's evidence, at the close of all evidence, and after the jury's verdict. We find no error.

Our examination of the record indicates there was substantial evidence, considered in the light most favorable to the State, from which a jury could find the defendant guilty of the crimes charged. However, our examination of the record discloses other errors.

[4, 5] Each indictment in this case alleged the offenses of possession with intent to sell *or* deliver, in the disjunctive. This was incorrect. *State v. McLamb*, No. 8412SC200 (--- N.C. App. --- filed November 6, 1984), citing *State v. Helms*, 247 N.C. 740, 102 S.E. 2d 241 (1958); *State v. Albarty*, 238 N.C. 130, 76 S.E. 2d 381 (1953).

Since defendant did not move to dismiss the indictment, he has waived this defect for purposes of trial. *State v. Kelly*, 13 N.C. App. 588, 186 S.E. 2d 631, *rev'd on other grounds*, 281 N.C. 618, 189 S.E. 2d 163 (1972). In this case, however, the verdicts submitted to the jury were also in the disjunctive, i.e., guilty of "possession with intent to sell *or* deliver." The other possible verdicts submitted were guilty of possession and not guilty. The verdict of guilty of "possession with intent to sell *or* deliver" is inherently ambiguous and does not support the judgment. *State v. Albarty, supra; State v. Creason*, 68 N.C. App. 599, 315 S.E. 2d 540 (1984).

In *Creason*, as in this case, the jury returned a verdict of guilty of possession with intent to sell *or* deliver a controlled substance. We held that:

> Since so far as the record shows, some jurors could have found defendant guilty of possessing the . . . [controlled substance] with intent to sell, while others could have found him guilty of possessing it with intent to deliver, and it does not positively appear, as our law requires, that all twelve jurors found him guilty of the same offense, the verdict is uncertain and therefore insufficient to support . . . [the] convictions of either of the crimes charged. [Citations omitted.]

68 N.C. App. at 603, 315 S.E. 2d at 544.

In *Creason*, this court reversed the conviction and remanded to the trial court with instructions to enter judgment for possession of a controlled substance. We find that *Creason* controls here.

At the trial of this case, the State did not introduce evidence as to the amount of cocaine involved in either indictment. At the charge conference, the trial court informed counsel for the State and defendant that the possible verdicts would be guilty of possession with intent to sell or deliver or possession or not guilty. The trial court stated that possession would be misdemeanor possession as to both indictments.

The evidence brought forth at trial supports a finding of guilty as to misdemeanor possession of cocaine in both counts in light of our decision in *Creason, supra.*

In Cases No. 82CRS7579 and 82CRS7400 in which defendant was convicted of possessing cocaine with the intent to sell *or*

deliver, we remand for entry of judgment as on a verdict of the lesser included offense of misdemeanor possession of cocaine.

Remanded for entry of judgment and for resentencing.

Judges WEBB and BRASWELL concur.