IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

June 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

DONALD WAYNE STROUTH,        )
                             )
        APPELLANT,           )        SULLIVAN CRIMINAL
                             )
v.                           )        Hon. Frank L. Slaughter, Judge
                             )
STATE OF TENNESSEE,          )        No. 03S01-9707-CC-00079
                             )
        APPELLEE.            )


**CONCURRING OPINION**


        I agree with the majority's conclusion that the defendant's petition for post-conviction relief should be dismissed.  I, however, write separately to voice my disagreement with the majority's holding that a State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992), error occurred in this case.


        The defendant was charged, in a fact-specific indictment, with "killing and murdering [the victim] in the first degree."  The trial judge charged the jury on both premeditated murder and felony murder.  The jury deliberated with the judge's written instructions that included detailed instructions on both theories. The jury returned with a single, or general, verdict and stated that:  "We, the jury, find the defendant guilty of murder in the first degree."


        Tennessee courts have consistently held that a single-count indictment charging premeditated murder is sufficient to support a conviction of either premeditated first degree murder or felony murder.  "The perpetration of the felony, during which a homicide occurs, is the legal equivalent of premeditation, deliberation and malice."  State v. Beasley, 699 S.W.2d 565 (Tenn. Crim. App. 1985) perm. to appeal denied (citing Sullivan v. State, 121 S.W.2d 535, 538

(Tenn. 1938) (stating theories were "legal equivalent")); see also Farmer v. State, 296 S.W.2d 879, 883 (Tenn. 1956) (holding premeditated intent to commit felony is transferrable to the homicide to supply malice aforethought); see generally Schad v. Arizona, 501 U.S. 624, 630, 111 S.Ct. 2491, 2496 (1991) ("the intent to kill and the intent to commit a felony are alternative aspects of the single concept of malice aforethought."). A defendant is not denied due process when charged under one theory of first degree murder but convicted under a different theory. Beasley, 699 S.W.2d at 566-67 (no due process violation or deprivation of the opportunity to prepare a defense). Accordingly, first degree murder in 1978 was but a single crime with various means of commission whether the killing was premeditated or occurred during a felony.

I agree with the majority's position that a Middlebrooks error occurs **only** "when a defendant is convicted of first degree murder solely on the basis of felony murder" and when the felony murder aggravating circumstance is utilized. I would conclude, however, that a Middlebrooks error does not occur when a jury returns a general verdict convicting a defendant of both felony murder and premeditated murder. Carter v. State, 958 S.W.2d 620 (Tenn. 1997) (holding no Middlebrooks error when jury renders a general verdict of first degree murder); see generally Schad, 501 U.S. at 631, 111 S.Ct. at 2497 ("never suggested that . . . jurors should be required to agree upon a single means of commission" for first degree murder).

The jury in this case was clearly charged that first degree murder can be committed in one of two ways: with premeditation and deliberation or during the perpetration of a felony. The jury returned a non-specific verdict finding the defendant "guilty of murder in the first degree." I, therefore, would hold that a

2

<u>Middlebrooks</u> error did not occur in this case because the defendant's conviction for first degree murder was not based solely on felony murder.

Finally, I would note that even assuming, as the majority concludes, that a <u>Middlebrooks</u> error occurred in this case, I am in agreement with the majority's finding that the <u>Middlebrooks</u> error was harmless beyond a reasonable doubt. For both of these reasons, I agree with the majority's conclusion that the dismissal of the defendant's petition for post-conviction relief should be affirmed.

_____
JANICE M. HOLDER, JUSTICE