STATE OF NORTH CAROLINA v. SAMUEL FRANCIS AIKEN

No. 81

(Filed 26 November 1974)

1. Indictment and Warrant § 9 — crime charged in indictment — lesser included offenses

A defendant brought to trial under an indictment, proper in form, may, if the evidence so warrants and the trial is free from error, be properly convicted of the offense charged in the indictment or of a lesser offense all of the elements of which are included in the offense charged in the indictment and all of which elements can be

proved by proof of the allegations of fact contained in the indictment. G.S. 15-170.

2. **Narcotics § 1— possession and sale of controlled substances — separate offenses**

Neither the offense of unauthorized possession nor the offense of unauthorized sale of a controlled substance is included within the other offense and one placed in jeopardy as to the one offense is not thereby placed in jeopardy as to the other; thus, one charged with both offenses may be convicted of both and sentenced to imprisonment for each.

3. **Narcotics §§ 1, 4.5 — possession with intent to deliver — possession as lesser included offense — instructions proper**

Possession is an element of possession with intent to deliver a controlled substance, and the unauthorized possession is of necessity an offense included within the charge that the defendant did unlawfully possess with intent to deliver; consequently, the trial court did not err in instructing the jury that, under the indictment charging defendant with possession of heroin with intent to deliver, it might find defendant guilty of the unauthorized possession of a controlled substance.

Chief Justice BOBBITT not sitting.

ON *certiorari* to the Court of Appeals to review its decision, reported in 22 N.C. App. 310, 206 S.E. 2d 348, finding no error upon appeal by the defendant from *Long, J.,* at the 4 March 1974 Session of WAKE.

By an indictment, proper in form, the defendant was charged with the unlawful, wilful and felonious possession of 21 bags of heroin, a controlled substance, with intent to deliver the same, a violation of G.S. 90-95(a)(1).

The evidence for the State was to the following effect:

Officers of the Raleigh Police Department, having in their possession a search warrant which the defendant concedes to have been lawfully issued and served, entered and searched the defendant's bedroom in a rooming house at approximately 2:30 a.m. At the time of the entry, the defendant was asleep in the bed and was the only occupant of the room. On a shelf of a bookcase from three to five feet from the foot of the bed, the officers found a Kool cigarette pack in which there were 21 small glycene envelopes containing a white powder, subsequently analyzed and identified as heroin. The defendant's identification card lay approximately two inches from the cigarette pack. On the table in front of the bed were two other packs of Kool

cigarettes and in the book case there was a carton containing seven or eight packs of Kool cigarettes which the defendant took with him when he left the room with the officers. Prior to doing so, the defendant sat on the edge of the bed, took one of the cigarettes from one of the packs lying on the table and smoked it. The defendant told the officers he had been staying in that room two days but his room was in another part of the house. He denied ownership of the heroin or knowledge of its presence in the room. Under the rug, between the bed and the book case, the officers found $230.00 in cash which the defendant stated was his. Upon arrival at the jail, the defendant asked the officers if they were going to put him in jail without his "being able to get anything," stating to the officers that he was going to need a "fix" later on that night.

The defendant's evidence, consisting entirely of the testimony of the proprietor of the rooming house, was to the effect that this was the defendant's first night in that room, his second in the rooming house, that the searched room had previously been occupied by another man and a girl who had left without paying their rent, the day preceding the search, and that the room had not been cleaned between their departure and the search by the officers.

The court instructed the jury that it might return a verdict of guilty of possession with the intent to distribute, a verdict of guilty of possession, or a verdict of not guilty. The verdict was, "Guilty of the charge of possession of a controlled substance." The court sentenced the defendant to imprisonment for a term of four years.

*James H. Carson, Jr., Attorney General; Rafford E. Jones, Assistant Attorney General; and T. Buie Costen, Assistant Attorney General, for the State.*

*William A. Smith, Jr., for defendant.*

LAKE, Justice.

The North Carolina Controlled Substances Act, G.S. 90-86 to G.S. 90-113.8, defines a "controlled substance" to mean "a drug, substance, or immediate precursor included in Schedules I through VI of this Article." G.S. 90-87 (5). Heroin is a substance included in Schedule I. G.S. 90-89 (b) (10).

The pertinent portions of G.S. 90-95 provide:

"*Violations; penalties.*— (a) Except as authorized by this Article, it is unlawful for any person:

(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance;

\*    \*    \*    \*

(3) To possess a contolled substance.

\*    \*    \*    \*

(d) Any person who violates G.S. 90-95(a)(3) with respect to:

(1) A controlled substance classified in Schedule I shall be guilty of a felony and shall be sentenced to a term of imprisonment of not more than five years or fined not more than five thousand dollars ($5,000), or both in the discretion of the court."

The sole contention of the defendant in this Court is that the crime of possession of a controlled substance is not a lesser included offense of the crime of possession of a controlled substance with intent to deliver it, and, therefore, the trial court erred when it instructed the jury that it might return a verdict of guilty of possession of a controlled substance.

[1]   A defendant brought to trial under an indictment, proper in form, may, if the evidence so warrants and the trial is free from error, be properly convicted of the offense charged in the indictment or of a lesser offense all of the elements of which are included in the offense charged in the indictment and all of which elements can be proved by proof of the allegations of fact contained in the indictment. G.S. 15-170; *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44; *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233. See also: 41 AM. JUR. 2d, Indictment and Information, § 313; Wharton, Criminal Law and Procedure, § 1799.

The defendant, recognizing this rule, contends that the offense of the unauthorized possession of a controlled substance (heroin) is not included within the offense of the unauthorized possession of such substance with the intent to deliver it. He relies upon our decision in *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481. That case is clearly distinguishable from the pres-

State v. Aiken

ent. In the Cameron case, the defendant was charged in separate indictments with the unlawful possession of heroin and with the unlawful sale of the same heroin. He was convicted on both charges and sentenced to imprisonment on each, the sentences to run consecutively. Cameron contended that the possession of a controlled substance is a lesser offense included within the offense of the unauthorized sale of such substance and, therefore, the imposition of separate sentences upon him for these two offenses constituted double jeopardy, in violation of the State and Federal Constitutions. We held that these were two separate, distinct crimes and that there was no error in imposing the separate sentences therefor. We reaffirm that decision.

[2] As we pointed out in *State v. Cameron, supra*, one may unlawfully sell a controlled substance which he lawfully possesses. Furthermore, the sale of a substance is the passage of title thereto and while usually the seller of a controlled substance has possession thereof, actual or constructive, it is not necessarily so as a matter of law. One may sell an article or substance which he does not possess. Quite obviously, one may possess an article or substance which he does not sell. Consequently, possession is not an element of sale and sale is not an element of possession. Thus, neither the offense of unauthorized possession nor the offense of unauthorized sale of a controlled substance is included within the other offense and one placed in jeopardy as to the one offense is not thereby placed in jeopardy as to the other. Thus, one charged with both offenses may be convicted of both and sentenced to imprisonment for each.

[3] On the contrary, one may not possess a substance with intent to deliver it (the offense charged in the present indictment) without having possession thereof. Thus, possession is an element of possession with intent to deliver and the unauthorized possession is, of necessity, an offense included within the charge that the defendant did unlawfully possess with intent to deliver. Consequently, there was no error in instructing the jury that, under the indictment in the present case, it might find the defendant guilty of the unauthorized possession of a controlled substance.

No error.

Chief Justice BOBBITT not sitting.