STATE OF NORTH CAROLINA v. SAMUEL J. CLARK, JR.

No. 8311SC1329

(Filed 6 November 1984)

1. **Criminal Law § 163— necessity for recorded jury instruction conference**

    The trial court erred in failing to conduct a recorded jury instruction conference where defendant filed a written motion for an instruction conference and objected to the court's failure to do so. Former G.S. 15A-1231(b).

2. **Narcotics § 1.3— possession of controlled substance — lesser offense of delivery**

    Possession of a controlled substance is a lesser included offense of delivery but not of sale of the controlled substance. G.S. 90-95.

3. **Narcotics § 5— sale and delivery of narcotics — ambiguous verdict**

    A verdict finding defendant guilty of "selling or delivering marijuana" was inherently ambiguous since sale and delivery constitute two separate crimes.

4. **Narcotics § 4.6— instructions on constructive possession**

    The trial court's instructions on constructive possession of marijuana were proper where the court required the State to show that defendant had the "right to exercise control or dominion" over the marijuana and that defendant placed or caused the marijuana to be placed on the hood of an undercover officer's automobile.

    Judge ARNOLD concurring in part and dissenting in part.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 17 March 1983 in JOHNSTON County Superior Court. Heard in the Court of Appeals 20 September 1984.

Defendant was indicted for possession of a controlled substance with intent to sell and deliver, possession of a controlled substance, and sale and delivery of a controlled substance in violation of N.C. Gen. Stat. § 90-95 (Cum. Supp. 1983). Defendant was found guilty of sale or delivery of a controlled substance.

The State's evidence tended to show that on 1 April 1982, undercover State Bureau of Investigation Agent Mike Bustle went to a private residence in Clayton, North Carolina and purchased marijuana from defendant and co-defendant Frankie Clark. Agent Bustle solicited the sale from defendant outside the home. Defendant and Agent Bustle entered the home, defendant directing Agent Bustle to wait in a room containing at least seven individuals. Defendant exited and returned, directing Agent Bustle and co-defendant Frankie Clark into another room. Defendant told Agent Bustle to pay Frankie Clark and to look on the hood of Agent Bustle's car when he left. Agent Bustle complied and found a bag containing marijuana on the hood of his car.

Defendant's evidence tended to show that he did not live at the residence where Agent Bustle purchased the marijuana. Defendant denied any recollection of being at the residence and, if he was present, he did not meet Agent Bustle and had never met him prior to defendant's preliminary hearing.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Mast, Tew, Armstrong & Morris, P.A., by George B. Mast and John W. Morris, for defendant.*

WELLS, Judge.

Defendant's primary assignments of error are that the trial court (1) failed to hold a jury instruction conference, (2) refused to instruct the jury on the charge of possession of a controlled substance as a lesser included offense of sale and delivery, and (3) incorrectly defined constructive possession to the jury. We find the trial court erred in failing to conduct an instruction conference and instructing the jury and submitting a verdict form

that permitted an inherently ambiguous and fatally defective verdict of guilty of *sale or delivery* of a controlled substance.

[1]    Defendant first assigns error to the trial court's failure to hold an instruction conference. On the first day of trial, defendant filed a motion for an instruction conference requesting submission of several pattern jury instructions. They were: burden of proof and reasonable doubt, credibility of witness, weight of the evidence, and possession of a controlled substance as a lesser included offense of possession of a controlled substance with intent to manufacture, sell, or deliver.

At the time of defendant's trial N.C. Gen. Stat. § 15A-1231(b) (1983) mandated:

> On request of either party, the judge must, before the arguments to the jury, hold a recorded conference on instructions. . . . At the conference the judge must inform the parties of the offenses, lesser included offenses, . . . and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. The failure of the judge to comply fully with the provisions of this subsection does not constitute grounds for appeal unless his failure . . . materially prejudiced the case of the defendant.

The first sentence was amended effective 28 June 1983 to read, "Before the arguments to the jury, the judge must hold a recorded conference on instructions out of the presence of the jury."

Rule 21 of the General Rules of Practice for the Superior and District Courts requires:

> At the close of the evidence . . . in every jury trial, civil and criminal, . . . the trial judge shall conduct a conference on instructions with the attorneys of record. . . . Such conference shall . . . be held for the purpose of discussing the proposed instructions to be given to the jury. An opportunity must be given to the attorneys . . . to request any additional instructions or to object to any of those instructions proposed by the judge. Such requests, objections and the rulings of the court thereon shall be placed in the record. If special instruc-

tions are desired, they should be submitted in writing to the trial judge at or before the jury instruction conference.

Our supreme court interpreted the statute and rule as requiring the trial court to hold an unrecorded conference in every case and a recorded conference when requested by either party. *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983). We deem it appropriate to note at this point that G.S. §§ 15A-1231(d), -1446(d)(13), permitting appeal of instructions not objected to at trial, have been held invalid. *Id.*

Defendant's written motion for an instruction conference, mandated the trial court to conduct a recorded instruction conference under G.S. § 15A-1231(b). The trial court failed to hold either the recorded conference required by the statute or the unrecorded conference mandated under Rule 21. Defendant objected, as required by *State v. Bennett, supra*, to the trial court's failure to conduct the jury conference. We hold that the trial court's failure to hold a jury instruction conference requires a new trial.

[2]    The next assignment of error we consider is whether possession of a controlled substance is a lesser included offense of sale and delivery of a controlled substance. Defendant's argument presents two questions for determination. First, whether possession of a controlled substance is a lesser included offense of either sale or delivery. Second, whether the trial court erred in instructing the jury on sale or delivery, in the disjunctive.

"When there is some evidence supporting a lesser included offense, defendant is entitled to a jury instruction thereon even in the absence of a specific request for such instructions." *State v. Chambers*, 53 N.C. App. 358, 280 S.E. 2d 636, *cert. denied*, 304 N.C. 197, 285 S.E. 2d 103 (1981). Instructing on any lesser included offense is mandatory and failure to instruct in appropriate factual situations is reversible error.

G.S. § 90-95(a)(1) establishes six separate crimes relating to controlled substances. They are: (1) manufacturing, (2) selling, (3) delivering, (4) possession with intent to manufacture, (5) possession with intent to sell, and (6) possession with intent to deliver a controlled substance. Selling and delivering are separate and distinct crimes. Possession of a controlled substance, if un-

authorized, is a felony under G.S. § 90-95(a)(3). *See State v. Creason*, 68 N.C. App. 599, 315 S.E. 2d 540 (1984).

Within the context of G.S. § 90-95 possession of a controlled substance is a lesser included offense when a defendant is charged with an offense involving delivery. In *State v. Aiken*, 286 N.C. 202, 209 S.E. 2d 763 (1974), defendant was charged with possession with intent to *deliver* a controlled substance. The supreme court, holding that possession was a lesser included offense, concluded that:

> [O]ne may not possess a substance with intent to deliver it . . . without having possession thereof. Thus, possession is an element of possession with intent to deliver and the unauthorized possession is, of necessity, an offense included within the charge that the defendant did unlawfully possess with intent to deliver.

*State v. Aiken, supra*. While defendant Aiken was charged with possession with intent to deliver a controlled substance, the court's *ratio decidendi* as to the relationship between possession and delivery is controlling in the present case.

While possession of a controlled substance is a lesser included offense of delivery, the court in *Aiken* relying on *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973), held that the crime of possession is not a lesser included offense of selling a controlled substance. The court reasoned that:

> [O]ne may unlawfully sell a controlled substance which he lawfully possesses. Furthermore, the sale of a substance is the passage of title thereto and while usually the seller of a controlled substance has possession thereof, actual or constructive, it is not necessarily so as a matter of law. One may sell an article or substance which he does not possess. . . . Thus, neither the offense of unauthorized possession nor the offense of unauthorized sale of a controlled substance is included within the other offense and one placed in jeopardy as to the one offense is not thereby placed in jeopardy as to the other.

*State v. Aiken, supra*.

[3]  The interplay between possession as a lesser included offense of delivery but not sale presents the crucial question in this

State v. Clark

case. The trial court instructed the jury in the disjunctive that defendant could be found guilty if he "sold or delivered marijuana" and provided the jury with a verdict form that permitted defendant to be convicted of "selling or delivering marijuana."

In *Creason*, the jury returned a verdict of guilty of possession with intent to sell or deliver a controlled substance. We held that:

> Since so far as the record shows, some jurors could have found defendant guilty of possessing the . . . [controlled substance] with intent to sell, while others could have found him guilty of possessing it with intent to deliver, and it does not positively appear, as our law requires, that all twelve jurors found him guilty of the same offense, the verdict is uncertain and therefore insufficient to support his conviction of either of the crimes charged.

*State v. Creason, supra.* [Citations omitted.] In *Creason*, we reversed the conviction and remanded to the trial court with instructions to enter judgment for possession of a controlled substance. Because we have ordered a new trial on other grounds the remedy fashioned in *Creason* is inappropriate in this case.[1] The record proper discloses that the verdict in this case was also in the disjunctive, and following *Creason*, we hold that it is inherently ambiguous and does not support the judgment.[2] The ambiguous verdict problem is further complicated by the lesser included offense instruction issue. In such cases where a verdict including delivery is submitted, it will be necessary for the court to instruct in connection with that verdict as to the lesser included offense of simple possession.

[4] The final assignment of error we consider is whether the trial court incorrectly instructed the jury on constructive possession. N.C. Gen. Stat. § 15A-1232 (1977) requires the trial court to

---

1. We also note that in reversing the trial court in *Creason* and remanding with instructions to enter a judgment for possession of a controlled substance, our decision may imply that possession is a lesser included offense of sale. To this extent, our decision in *Creason* is in conflict with *State v. Cameron, supra.*

2. We are aware that in *State v. Rozier*, 69 N.C. App. 38, 316 S.E. 2d 893, *cert. denied*, 312 N.C. 88, 321 S.E. 2d 907 (1984), a controlled substance case, another panel of this court apparently found no fault with similar disjunctive verdicts. The *Rozier* court did not mention or discuss *Creason*.

correctly explain to the jury the law arising on the evidence given in the case. The jury charge must be construed contextually as a whole. *State v. Bailey,* 280 N.C. 264, 185 S.E. 2d 683, *cert. denied,* 409 U.S. 948 (1972).

The trial court charged that the jury could find defendant guilty of sale or delivery or not guilty. The pertinent instructions are:

> [T]he statute [G.S. § 90-95] does provide that "deliver" or "delivery" means the actual constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
>
> Now members of the jury, it is not required that the state show that the defendants owned any marijuana. . . . He may deliver something from one person to another that he does not actually own; however, for a person to deliver or sell anything, he must have at least actual possession of it, or constructive possession of it.
>
> . . .
>
> Constructive possession is not actual possession but it is the right to exercise control and dominion over the property.
>
> . . .
>
> Furthermore, to constitute a delivery it is not necessary that a person physically deliver property to another, and if the defendant . . . placed or caused to be placed marijuana on the hood of the automobile of Officer Bustle . . . then that would constitute a sale and delivery. . . .

Applying these standards to this case, the trial court properly instructed the jury as to constructive possession. Constructive possession is defined in this state as the *power and intent* to control disposition or use. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972). In other words, to prove constructive possession the state had to show that defendant had the ability to control the marijuana and manifested that right of control. The trial court explained to the jury that it must find defendant had the "right to exercise control or dominion" and defendant "placed or caused to be placed the marijuana on the hood of the automobile of Officer Bustle." The trial court's explanation of the law fully complies

with *State v. Harvey, supra.* This assignment of error is overruled.

We have carefully reviewed defendant's other assignments of error. Since we hold that a new trial is required and it is unlikely that any of these errors would occur at retrial, we do not address them.

New trial.

Judge HILL concurs.

Judge ARNOLD concurs in part and dissents in part.

Judge ARNOLD concurring in part and dissenting in part.

I am well aware that G.S. 7A-34 confers upon our Supreme Court the right to prescribe rules of practice and procedure for the trial courts which are supplementary to enactments of our General Assembly. I also understand that in *State v. Bennett, supra,* our Supreme Court ruled that pursuant to Rule 21 the trial court must hold an unrecorded instruction conference in every case.

Moreover, our Supreme Court in *Bennett* went on to say that the statute compels the trial judge to hold a recorded conference when requested by either party.

I do not believe, however, absent "plain error," in a case such as the one at bar where it would appear from the record that the trial judge committed no other error than failure to conduct the instruction conference, and further appearing that the defendant received as fair a trial as was humanly possible, that we should grant defendant a new trial because of the court's failure to hold the instruction conference. Respectfully, I therefore dissent from that part of this opinion awarding a new trial for failure to hold an instruction conference. I concur in the remainder of the opinion.