STATE OF NORTH CAROLINA v. LEE HAMILTON MOORE

No. 502PA89

(Filed 29 August 1990)

1. **Narcotics § 1.3 (NCI3d) — narcotics statute — offenses created**

    N.C.G.S. § 90-95(a)(1) creates three offenses: (1) manufacture of a controlled substance, (2) transfer of a controlled substance by sale or delivery, and (3) possession with intent to manufacture, sell or deliver a controlled substance.

    **Am Jur 2d, Drugs, Narcotics, and Poisons § 40.**

2. **Narcotics § 1.3 (NCI3d) — single transaction — no conviction for sale and delivery**

    A defendant may not be convicted under N.C.G.S. § 90-95(a)(1) of both the sale *and* delivery of a controlled substance arising from one transaction. Whether the defendant is tried for transfer by sale, by delivery, or by both, the jury in such cases should determine whether the defendant is guilty or not guilty of transferring a controlled substance to another person.

    **Am Jur 2d, Drugs, Narcotics, and Poisons § 40.**

3. **Narcotics § 5 (NCI3d); Criminal Law § 904 (NCI4th) — transfer by sale or delivery — unanimity of verdict**

    The transfer by sale or delivery of a controlled substance is one statutory offense, the gravamen of the offense being the transfer of the drug. So long as each juror finds that the defendant transferred the substance, whether by sale, by delivery, or by both, the defendant has committed the statutory offense, and no verdict unanimity concerns are implicated.

    **Am Jur 2d, Drugs, Narcotics, and Poisons § 40.**

4. **Narcotics § 5 (NCI3d) — improper conviction for sale and delivery — resentencing — correction of judgment**

    Where the jury was improperly allowed to convict defendant under each of two indictments of both sale and delivery of a controlled substance arising from a single transfer, three

convictions under each indictment were consolidated into one judgment per indictment, and the appellate court is unable to determine what weight, if any, the trial court gave each of the separate convictions for sale and delivery in calculating the sentences imposed upon defendant, the case must be remanded for resentencing. On remand, the judgments in each case should be amended to reflect that defendant was convicted on each indictment of a single count for the "sale or delivery of a controlled substance."

**Am Jur 2d, Criminal Law § 583; Drugs, Narcotics, and Poisons § 48.**

Justice MEYER dissenting.

Justice MARTIN joins in this dissenting opinion.

Justice FRYE concurring in part and dissenting in part.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 95 N.C. App. 718, 384 S.E.2d 67 (1989), which modified the judgments entered by *Small, J.*, in the Superior Court, PITT County, on 29 September 1988, and remanded the case for resentencing. Heard in the Supreme Court on 16 May 1990.

*Lacy H. Thornburg, Attorney General, by Victor H. E. Morgan, Jr., Assistant Attorney General,* for the State appellant.

*Robin L. Fornes* for the defendant appellee.

MITCHELL, Justice.

This case calls upon us to determine whether a defendant may be convicted under N.C.G.S. § 90-95(a)(1) for both the sale and the delivery of a controlled substance arising from one transaction. We conclude that a defendant may not be so convicted.

The evidence at trial tended to show that on 16 October 1987 the defendant, Lee Hamilton Moore, sold and delivered five grams of mushrooms containing the hallucinogenic psilocyn to an undercover officer of the Pitt County Sheriff's Department. Psilocyn is a Schedule I controlled substance under the North Carolina Controlled Substances Act. N.C.G.S. § 90-89(c)(15) (1985). On 15 November 1987 the defendant sold and delivered ten more grams of psilocyn mushrooms to the same officer. After his arrest, a Pitt County

STATE v. MOORE

[327 N.C. 378 (1990)]

Grand Jury returned two indictments against the defendant. Each indictment charged the defendant, in separate counts, with (1) possession of a Schedule I controlled substance with intent to sell or deliver, (2) sale of a Schedule I controlled substance, and (3) delivery of a Schedule I controlled substance. On the indictment relating to the 16 October 1987 transaction, the defendant was found guilty of possession of a Schedule I controlled substance (a lesser included offense of possession with intent to sell or deliver), sale of a Schedule I controlled substance, and delivery of a Schedule I controlled substance. On the indictment relating to the 15 November 1987 transaction, the defendant was found guilty of the three counts charged. The record indicates that as to each indictment, the trial court treated the sale count and the delivery count as separate offenses. However, the trial court consolidated the three counts in each indictment for the purpose of judgment. The trial court then entered two judgments—one for each indictment—and sentenced the defendant to a six-year term on each indictment. The trial court ordered that those terms run consecutively for a total of twelve years' imprisonment.

On the defendant's appeal, a unanimous Court of Appeals affirmed the convictions against the defendant, but remanded the case for resentencing, concluding that:

> In summary, a prosecutor may of course go to trial against a single defendant on charges for the sale of a controlled substance and the delivery of the same substance. These two crimes are separate and distinct offenses. However, in light of the legislative intent of the statute, we hold that the defendant may be punished for only one of those offenses where they involve the same transaction.

> For purposes of sentencing in this case, the convictions against the defendant for delivery of psilocyn on each bill of indictment are merged into the charges of selling the drug. A new sentencing hearing is ordered.

*State v. Moore*, 95 N.C. App. 718, 722, 384 S.E.2d 67, 69 (1989). We allowed the State's Petition for Discretionary Review.

I.

The State argues that under N.C.G.S. § 90-95(a)(1), "[t]he separate convictions and separate punishment that the Defendant has suffered are exactly what the General Assembly intended by enacting

G.S. § 90-95 (a)." We disagree, but for a different reason than that given by the Court of Appeals.

N.C.G.S. § 90-95(a)(1) makes it unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." The intent of the legislature in enacting N.C.G.S. § 90-95(a)(1) was twofold: "(1) to prevent the manufacture of controlled substances, and (2) to prevent the transfer of controlled substances from one person to another." *State v. Creason*, 313 N.C. 122, 129, 326 S.E.2d 24, 28 (1985). In the context of this Court's and the Court of Appeals' prior opinions, the Court of Appeals in this case examined the legislative intent of the statute, and concluded that:

> By criminalizing the sale *or* delivery of a controlled substance, the Legislature sought to prevent all attempts to place drugs into commerce by any act of transfer. To expedite this purpose the more inclusive word "delivery" was used in the statute. The only difference in the terms "sell" and "delivery" is that money changes hands in a sale; otherwise; the terms in this context are the same.
>
> It is an overreading of the statute to conclude that the Legislature intended to punish a defendant twice for one drug transaction. The purpose of the statute is to prevent drug transfers, a double punishment for a single transaction violates this legislative intent and accomplishes nothing short of placing the defendant in double jeopardy.

*State v. Moore*, 95 N.C. App. 718, 721-22, 384 S.E.2d 67, 69 (1990) (citations omitted). This analysis of legislative intent and the result reached by the Court of Appeals in this case are admittedly reasonable in light of statements this Court has made in prior cases. However, as we explain below, we do not entirely agree with either the reasoning utilized or the result reached by the Court of Appeals in this case.

[1]   Having examined the statute, we now conclude that the language of N.C.G.S. § 90-95(a)(1) creates three offenses: (1) *manufacture* of a controlled substance, (2) *transfer* of a controlled substance by sale or delivery, and (3) *possession with intent to manufacture, sell or deliver* a controlled substance. We disapprove the contrary language in *State v. Clark*, 71 N.C. App. 55, 322 S.E.2d 176 (1984), which interpreted the statute as creating six separate offenses.

**STATE v. MOORE**

[327 N.C. 378 (1990)]

By phrasing N.C.G.S. § 90-95(a)(1) to make it unlawful to "manufacture, *sell or deliver*, or possess with intent to manufacture, sell or deliver, a controlled substance" (emphasis added), the legislature, *solely for the purpose of this statutory subsection*, has made each single transaction involving transfer of a controlled substance one criminal offense, which is committed by either or both of two acts —sale or delivery.

"A sale is a *transfer* of property for a specified price payable in money." *State v. Creason*, 313 N.C. at 129, 326 S.E.2d at 28 (emphasis in original) (citing *State v. Albarty*, 238 N.C. 130, 76 S.E.2d 381 (1953) (citing cases) ). "Delivery" is "the actual constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." N.C.G.S. § 90-87(7) (1985). We need not address the relationship between the acts of sale and delivery as it might exist under any other statutory or common law provision, because by the statutory language at issue here the legislature has made it *one criminal offense* to "sell or deliver" a controlled substance under N.C.G.S. § 90-95(a)(1).

[2] We recognize that "sell" and "deliver" are not synonymous terms. We have previously said that, under N.C.G.S. § 90-95(a)(1), "the two acts could have been *charged* as separate offenses." *State v. Dietz*, 289 N.C. 488, 498, 223 S.E.2d 357, 364 (1976) (emphasis added). In *State v. Creason*, we said that "the *sale* of narcotics and the *delivery* of narcotics are separate offenses." *Creason*, 313 N.C. at 129, 326 S.E.2d at 28 (citing *State v. Dietz*, 289 N.C. 488, 223 S.E.2d 357). Admittedly, the language in *Dietz* and *Creason* indicates that a defendant may properly be charged, indicted and tried under N.C.G.S. § 90-95(a)(1) for both the sale and the delivery of a single controlled substance arising from a single transfer. However, those cases do not *mandate* the conclusion that a defendant may also be *convicted* for two offenses in such situations. Having reconsidered the language of the statute, we disapprove any reading of *Dietz* or *Creason* which infers that a defendant may be so convicted. A defendant may be indicted and tried under N.C.G.S. § 90-95(a)(1) in such instances for the transfer of a controlled substance, whether it be by selling the substance, or by delivering the substance, or both. We conclude that a defendant may not, however, be convicted under N.C.G.S. § 90-95(a)(1) of both the sale *and* the delivery of a controlled substance arising from a single transfer. Whether the defendant is tried for transfer by

sale, by delivery, or by both, the jury in such cases should determine whether the defendant is guilty or not guilty of transferring a controlled substance to another person.

[3] Our conclusion regarding the proper interpretation of N.C.G.S. § 90-95(a)(1) does not create a risk of a defendant being convicted by a nonunanimous verdict. The legislature intended that there be one conviction and punishment under the statute for defendants who transfer, *i.e.*, "sell or deliver," a controlled substance. The transfer by sale or delivery of a controlled substance is one statutory offense, the gravamen of the offense being the transfer of the drug. So long as each juror finds that the defendant transferred the substance, whether by sale, by delivery, or by both, the defendant has committed the statutory offense, and no unanimity concerns are implicated. *Cf. State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990) (addressing the unanimity requirement in the context of indecent liberties); *State v. Creason*, 313 N.C. 122, 326 S.E.2d 24 (1985) (concerning possession of a controlled substance with intent to sell or deliver); *Jones v. All American Life Ins. Co.*, 312 N.C. 725, 325 S.E.2d 237 (1985) (concerning denial of life insurance proceeds to the plaintiff if the jury found that she killed *or* procured the killing of the victim).

## II.

[4] The jury in this case was improperly allowed under each indictment to convict the defendant of two offenses — sale and delivery — arising from a single transfer. Because the three convictions on each indictment were consolidated into one judgment per indictment, and because of the lengths of the prison terms imposed, we are unable to determine what weight, if any, the trial court gave each of the separate convictions for sale and for delivery in calculating the sentences imposed upon the defendant. This case must thus be remanded for resentencing. On remand, the judgments in this case should be amended to reflect that the defendant was convicted on each indictment of a single count for the "sale or delivery of a controlled substance." These amendments will not prejudice the defendant; indeed, they will effectively remove one conviction from each of the two judgments in this case. The possession-related convictions on each indictment will not be affected, and they are not challenged on this appeal.

For the foregoing reasons, the decision of the Court of Appeals in this case is affirmed in part and modified in part. This case

is remanded to the Court of Appeals for its further remand to the Superior Court, Pitt County, for amendment of the judgments against the defendant and resentencing consistent with this opinion.

Affirmed in part; modified in part; remanded with instructions.

Justice MEYER dissenting.

The majority opinion, relying on an analysis from *State v. Creason*, 313 N.C. 122, 326 S.E.2d 24 (1985), holds that a defendant may not be convicted under N.C.G.S. § 90-95(a)(1) for both the sale and the delivery of a controlled substance arising from one transaction. I disagree.

*Creason* is cited by the majority to support the collapse of what has historically been two separate offenses, sale or delivery, into one offense, the "transfer of a controlled substance by sale or delivery." *Creason* involved an exploration of the legislative intent of N.C.G.S. § 90-95(a)(1) focusing on the single offense of possession. The analysis there was between possession "with the intent to sell" and possession "with the intent to deliver." *Creason*, 313 N.C. at 129, 326 S.E.2d at 28.

This Court in *Creason* held that the legislative intent in making possession with the intent to "sell or deliver" a crime was to prevent the transfer of a controlled substance from one person to another. *Id.* The Court went on to state that "[w]hile the *sale* of narcotics and the *delivery* of narcotics are separate offenses, *State v. Dietz*, 289 N.C. 488, 223 S.E.2d 357 (1976), the *possession* of narcotics with the intent to 'sell or deliver' is one offense." *Creason*, 313 N.C. at 129, 326 S.E.2d at 28 (emphasis added). The *Creason* reasoning is inapposite to the case at bar.

N.C.G.S. § 90-95(a)(1) makes it unlawful to: (1) manufacture a controlled substance, (2) sell a controlled substance, (3) deliver a controlled substance, (4) possess with intent to manufacture, sell or deliver a controlled substance. *Creason* was only concerned with the defendant's conviction of possession with intent to sell or deliver a controlled substance. In *Creason*, the Court held that this was an intent crime, the elements being (1) possession of the drug, and (2) defendant's intention to "sell or deliver" the drug.

In the present case, defendant was convicted of selling the controlled substance and of delivering the controlled substance.

Neither offense is an intent crime, that is, intent is not an element of either offense. The majority fell into error in attempting to apply the reasoning of *Creason* to this appeal. To the contrary, *Creason* held that the sale of narcotics and the delivery of narcotics are two separate offenses, citing *State v. Dietz*, 289 N.C. 488, 223 S.E.2d 357.

A sale is a transfer of property for a specified price payable in money. *State v. Albarty*, 238 N.C. 130, 76 S.E.2d 381 (1953). In the context of controlled substance statutes, "deliver" means the actual, constructive, or attempted transfer from one person to another of a controlled substance. N.C.G.S. § 90-87(7) (1985); *State v. Medina*, 87 N.M. 394, 395, 534 P.2d 486, 487 (1975).

The decision of the Court of Appeals in this case was entirely correct in holding that the sale of a controlled substance is a separate act from the delivery of a controlled substance and therefore a separate crime. *See State v. Dietz*, 289 N.C. at 498, 223 S.E.2d at 364; *see also State v. McLamb*, 313 N.C. 572, 330 S.E.2d 476 (1985); *accord State v. Creason*, 313 N.C. at 129, 326 S.E.2d at 28.

The distinct acts (manufacture, sell, deliver, possess) denounced by statute have consistently been held to constitute separate and distinct offenses. *State v. Perry*, 316 N.C. 87, 103, 340 S.E.2d 450, 460 (1986); *State v. Aiken*, 286 N.C. 202, 206, 209 S.E.2d 763, 766 (1974) ("One may sell an article or substance which he does not possess").

The majority, *sub silentio*, by its decision overrules at least three of the decisions of this Court and three of the Court of Appeals.

In *State v. Perry*, 316 N.C. 87, 340 S.E.2d 450, this Court quoted with approval from *State v. Anderson*, 57 N.C. App. 602, 606, 292 S.E.2d 163, 166, *disc. rev. denied*, 306 N.C. 559, 294 S.E.2d 322 (1982), the following: " 'The distinct acts denounced by the statute (manufacture, sell, deliver, possess) have been held to constitute separate and distinct offenses. [Citing authorities.]' " *Perry*, 316 N.C. at 103, 340 S.E.2d at 460.

In *Creason*, we reiterated that the sale of narcotics and the delivery of narcotics are separate offenses.

Again, in *State v. McLamb*, 313 N.C. 572, 330 S.E.2d 476, this Court held that a verdict finding that defendant "feloniously

did sell or deliver" cocaine was fatally defective and ambiguous because sale and delivery are distinct and separate offenses.

This Court held in *State v. Dietz*, 289 N.C. 488, 223 S.E.2d 357, that charging a defendant with "sale *and* delivery" of marijuana is one criminal act not defective because the two offenses could have been charged as separate offenses. There was no prejudice to defendant.

*See also State v. Aiken*, 286 N.C. 202, 209 S.E.2d 763 (where the Court held that possession of controlled substance and sale of a controlled substance were separate offenses and that a defendant could be convicted of both and sentenced to prison for each); *State v. Cameron*, 283 N.C. 191, 195 S.E.2d 481 (1973) (where the Court held that sale and possession of narcotics are separate and distinct offenses).

*See also State v. Pulliam*, 78 N.C. App. 129, 336 S.E.2d 649 (1985); *State v. Clark*, 71 N.C. App. 55, 322 S.E.2d 176 (1984).

To the same effect, in *Albrecht v. United States*, 273 U.S. 1, 11, 71 L. Ed. 505, 511 (1927), Brandeis, J., writing for the Court, said: "But possessing and selling are distinct offenses . . . . There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction . . . ."

The Court of Appeals also held, unfortunately, that "while it is appropriate to separate these offenses [sale and delivery] for the purpose of charging a defendant, we do not believe the Legislature intended to punish a defendant twice for one transfer of the same contraband." *State v. Moore*, 95 N.C. App. 718, 721, 384 S.E.2d 67, 68-69 (1989). I disagree. The General Assembly has proscribed not just the *transfer* of controlled substances, but has specifically proscribed both their sale and their delivery. The intent of the General Assembly was to charge and punish separately both for the acceptance of money for the sale of a controlled substance and for the delivery of the substance, even where both occur in the same transaction. The trial court did not err in punishing the defendant for both.

Justice MARTIN joins in this dissenting opinion.

Justice FRYE concurring in part and dissenting in part.

I believe that the Court of Appeals reached the right result in this case and that both the majority and dissenting opinions in this Court are incorrect in part.

In *State v. Perry*, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982), this Court said that

> the crimes of larceny, receiving, and possession of stolen property are separate and distinct offenses, but having concluded that the Legislature did not intend to punish an individual for receiving or possession of the same goods that he stole, we hold that, though a defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses.

When the legislature made it unlawful to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance," N.C.G.S. § 90-95(a)(1), I believe that the legislature intended that the crimes of sale and delivery of a controlled substance, in violation of N.C.G.S. § 90-95(a)(1), though separate and distinct offenses, would be treated as one crime for purposes of punishment when the sale and delivery constitute one transaction for the same controlled substance. Stated differently, the legislature did not intend to punish an individual for selling a controlled substance and then punish him again for delivering that same substance pursuant to the sale when both are handled in one transaction. Had it intended to do so, the statute would have made it unlawful to "manufacture, sell, deliver, or possess . . . a controlled substance," rather than making it unlawful to "manufacture, sell or deliver, or possess . . . a controlled substance." I believe that the punctuation controls.

I vote to affirm the unanimous decision of the Court of Appeals to the effect that the delivery convictions in this case, for sentencing purposes, are merged into the sales charges and defendant is entitled to a new sentencing hearing on the convictions of selling a controlled substance.