ARROWOOD, Judge, concurring in part and dissenting in part.
I concur in the portion of the majority's opinion finding no error with respect to the issue related to defendant's motion for a mistrial. I dissent from the majority's holding that the matter should not be remanded for correction of a clerical error.
*341 In the second issue on appeal, defendant argues that the judgment in case number 13 CRS 050960 should be remanded for correction of a clerical error.
"A clerical error is [a]n error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination."
*195 State v. Lark , 198 N.C.App. 82, 95, 678 S.E.2d 693, 702 (2009) (citation and internal quotation marks omitted), disc. rev. denied , 363 N.C. 808, 692 S.E.2d 111 (2010). "It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk ..., and no lapse of time will debar the court of the power to discharge this duty." State v. Cannon , 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956). Our Courts have stated that "[w]hen, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.' " State v. Smith , 188 N.C.App. 842, 845, 656 S.E.2d 695, 696-97 (2008) (quoting State v. Linemann , 135 N.C.App. 734, 738, 522 S.E.2d 781, 784 (1999) ). In State v. Jarman , 140 N.C.App. 198, 535 S.E.2d 875 (2000), this Court stated: "[w]here there has been uncertainty in whether an error was 'clerical,' the appellate courts have opted to 'err on the side of caution and resolve [the discrepancy] in the defendant's favor.' " Id. at 203, 535 S.E.2d at 879 (quoting State v. Morston , 336 N.C. 381, 410, 445 S.E.2d 1, 17 (1994) ).
Defendant's judgment in case number 13 CRS 050960 lists three trafficking convictions: trafficking opium by sale, trafficking opium by delivery, and trafficking opium by possession. However, the trial court stated on 4 December 2015, immediately after the jury returned its verdict, that it intended to arrest judgment on the trafficking in opium by delivery conviction.
[DEFENSE COUNSEL]: Your Honor, as to 12 CRS 50960, the December 17, 2012 offense, we would move to arrest judgment on the count two of the trafficking by delivery. I think there's some case law that says you can't be convicted or at least can't be sentenced for delivery and sale.
THE COURT: And a sale. All right. Wish to be heard?
[THE STATE]: No, Your Honor.
THE COURT: All right. Court is going to arrest judgment on 12 CRS 50960, count two, trafficking in opium by delivery. All right.
*342 Due to defendant's absence during trial, the court entered a prayer for judgment continued and an order for defendant's arrest with no bond. Defendant was subsequently arrested, and on 17 December 2015, the trial court commenced the sentencing hearing. The State, without mentioning the trial court's earlier ruling that it would arrest judgment as to count two of the trafficking charges, informed the trial court as follows:
[THE STATE:] .... As you recall, Your Honor, the defendant was tried and convicted the week of November 30, 2015 in this courtroom in front of Your Honor, for three counts of tra[ffi]cking in opium or heroin or felony maintaining a place for keeping a controlled substance, possession of drug paraphernalia, and possession with intent to manufacture, sell, or deliver a Schedule II controlled substance. And a jury also found there were aggravating factors as related to this case. And the jury also found that she had reached the status of an habitual felon.
Thereafter, the trial court consolidated the trafficking convictions and sentenced defendant to a term of 70 to 93 months.
The State argues on appeal that the trial court "appears to have corrected its earlier ruling that it would be arresting judgment on one of the trafficking convictions." However, there is no indication in the record to support this contention. In addition, this argument fails because the trial court's oral ruling appears to be consistent with the North Carolina Supreme Court's ruling in State v. Moore , 327 N.C. 378, 395 S.E.2d 124 (1990). In Moore , the Supreme Court held that while a defendant may be indicted and tried under N.C. Gen. Stat. § 90-95(a)(1) for the transfer of a controlled substance, whether it be by selling, delivering, or both, a defendant could not be convicted of both the sale and delivery of a controlled substance arising from a single transfer. Id. at 382, 395 S.E.2d at 127.
In Morston, supra , the signed judgment did not comport with the trial court's statements in the transcript and our Supreme Court stated, "we believe that the better course is to err on the side of caution and resolve in the defendant's favor the discrepancy *196 between the trial court's statement in open court, as revealed by the transcript, and the sentencing form." Morston , 336 N.C. at 410, 445 S.E.2d at 17.
In light of the principle set forth by our Supreme Court that the better course is to resolve a discrepancy in defendant's favor, combined with the fact that the trial court made no statement suggesting that it had changed its previous ruling arresting judgment on count two which *343 appears to be consistent with the interpretation of the law as discussed in Moore , I would find that the judgment in case 13 CRS 050960 fails to correctly reflect the trial court's ruling in open court. Accordingly, I would find that the trial court's written judgment contains a clerical error and remand the case to the trial court for correction of this error.