**STATE of Tennessee, Appellee,**

**v.**

**James WHITTENMEIR, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 7, 1986.

Permission to Appeal Denied by Supreme Court Feb. 9, 1987.

William P. Redick, Jr., Nashville, for appellant.

W.J. Michael Cody, State Atty. Gen. and Reporter, Albert L. Partee, III, Asst. State Atty. Gen., Roe Ellen Coleman, Weakley E. Barnard, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of burglary of an automobile with a three-year sentence, two counts of aggravated rape with sentences of thirty years on each, and of simple robbery with a sentence of five years. The sentences were ordered to be served concurrently.

The defendant says the evidence is insufficient to convict him of robbery and of one of the aggravated rape charges; says the trial judge should have instructed the jury on the offense of larceny as a lesser included offense of robbery; says the trial judge erroneously allowed a co-defendant whose trial was severed to invoke his fifth amendment right not to testify; says the trial judge instructed the jury that the defendant's statement to the police was a confession; says the instruction on flight was erroneous; and says the sentences of thirty years on aggravated rape were excessive.

All the judgments are affirmed except the judgment of robbery, which is reversed and remanded for further proceedings.

The evidence shows a young woman, along with friends, went to a park known as Lock 2 on the Cumberland River in Davidson County. The young woman consumed wine and possibly some other alcoholic beverages and became intoxicated. She lay down in the grass and fell asleep. Her friends inexplicably departed and left her lying there alone in the park, which was by this time deserted. This occurred at approximately 2:00 a.m.

According to their statements and testimony, the defendant and two or three companions came into the park and found the woman lying in the grass, and they put her in her car. The young woman testified she was in her car when the defendant and others arrived. At any rate, during the episode the woman was in her car with the door locked.

The defendant and the others after some discussion decided they would make efforts to have sexual intercourse with the woman.

They were unable to get her to respond to them from inside the car because she was asleep. After several attempts to lure her from the car, one of the participants smashed out a car window. The woman was forcibly removed therefrom and taken down the riverbank, where her clothes were removed and assaults were made upon her.

There is no dispute that the woman was unwilling to have a sexual encounter with the defendant and others or that her will was overcome by force and violence.

The dispute as to the one count of aggravated rape is whether there was genital penetration or not. The other count of aggravated rape was based on oral penetration, and the defendant raises no question about the sufficiency of the evidence as to this charge.

The evidence as to the robbery conviction shows that after the defendant ceased his assault upon the woman he walked back to her car, which was approximately fifty feet away and out of her view, and took a stereo and some speakers therefrom. At this time, another of the three men was attempting, forcibly, to have sexual intercourse with the woman.

The defendant insists that the proof fails to show his guilt beyond a reasonable doubt because of some discrepancies in the statements made by the woman immediately after the attack, which indicated there was no genital penetration, and in subsequent statements and testimony that there was slight penetration, coupled with his own testimony that there was no penetration.

When the woman was first asked if she had been raped she responded that she had not. It appears from her explanation that she thought rape would only be accomplished if there was total penetration of the penis into her vagina. She steadfastly maintained in her testimony that there was slight penetration accomplished by the defendant.

■ The factual determination to be drawn from the testimony of the witnesses was a pure question for the jury. The verdict resolved this dispute in favor of the state and established the credibility of the witnesses for the state. There is sufficient evidence to support the conviction on this count beyond a reasonable doubt.

■ We are not prepared to say that the evidence in this case is insufficient as a matter of law to support a conviction of robbery, and in such cases ordinarily we would affirm the conviction for the offense. However, we are of the opinion that whether the taking of the property in this case was robbery or larceny required a factual finding by the jury, under a proper instruction by the court, as to whether the taking was done by force or violence or whether it was done without the use of force and violence and merely without the knowledge of the woman. In other words, we think the factual situation is one which the jury could have rationally found the taking was larceny rather than robbery.

When the facts are susceptible to an inference of any lesser offense the defendant is entitled to have the jury instructed thereon. *State v. Wright*, 618 S.W.2d 310 (Tenn.Cr.App.1981). We conclude, therefore, that the refusal of the trial judge to instruct on the lesser offense constitutes reversible error. We therefore reverse the judgment of robbery and remand that charge to the trial court for further proceedings.

■ The trial judge committed no error in allowing a witness also charged in these crimes to refuse to testify on the basis of his right not to incriminate himself as guaranteed by the fifth amendment to the United States Constitution. *See State v. Stapleton*, 638 S.W.2d 850 (Tenn.Cr.App.1982).

■ There is no merit to the defendant's claim that his statement to police was not a confession. The statements he made clearly implicated him in these crimes, and the trial judge properly treated them as a confession and correctly instructed the jury thereon.

■ At the request of the state the trial judge instructed the jury on the inferences which might be drawn from evidence of flight. We think this was error.

After the commission of the offenses, the defendant left the park and went home. He was there when the police came to arrest him on the charges. He made no attempt to flee from the officer, and cooperated with them by taking them to the stolen property and by freely confessing his part in the crime.

In *Rogers v. State*, 2 Tenn.Cr.App. 491, 455 S.W.2d 182 (1970), this Court adopted the view set out in 22A C.J.S. Criminal Law § 625 on the subject of flight, the pertinent part of which is as follows:

The law makes no nice or refined distinction as to the manner or method of a flight; it may be open, or it may be a hurried or concealed departure, or it may be a concealment within the jurisdiction. However, it takes both a leaving the scene of the difficulty and a subsequent hiding out, evasion, or concealment in the community, or a leaving of the community for parts unknown, to constitute flight.

In this case, there is no evidence to support a charge on flight. The evidence shows only a leaving of the scene without any showing of the manner of the leaving or any other act within the rule above set out.

■ The state relies upon the case of *Hall v. State*, 584 S.W.2d 819 (Tenn.Cr.App.1979), to justify the instruction. That case and the case of *State v. Beasley*, 699 S.W.2d 565 (Tenn.Cr.App.1985), which also approved an instruction on flight, were based upon the manner of the leaving of the scene which could support an inference

of guilt because of the evasive conduct of the defendants in those cases. Similar facts are not present in this case. The charge was, however, harmless error beyond any reasonable doubt in this case.

■ The defendant says the sentences of thirty years for aggravated rape in this case were excessive and asks this Court, under de novo review, to reduce the term.

The court found the defendant to be a standard offender. The punishment for this offense ranges from twenty to forty years.

The trial judge conducted a detailed sentencing hearing and found both mitigating and aggravating circumstances. Among the mitigating circumstances were the defendant's youth, the fact he had committed no prior crimes, and his cooperation with the police.

The trial judge set off against these facts the aggravating circumstances and especially the facts that this young woman, because of the ingestion of alcoholic beverages, was particularly vulnerable to the assault by the defendant and that the defendant was the motivating force behind the conduct of his two associates in committing their crime.

We have weighed the facts in this case, de novo, and find the sentences of thirty years for aggravated rape are justified. The sentences shall so be.

O'BRIEN, J., and JAMES C. BEASLEY, Special Judge, concur.