IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

September 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02-C-01-9601-CR-00040 |
| APPELLEE, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | John P. Colton, Jr., Judge |
| REGINALD O. WEBB, | ) | |
| | ) | (Second Degree Murder) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

W. Mark Ward
Assistant Public Defender
147 Jefferson, Suite 900
Memphis, TN  38103
(Appeal Only)

Loyce D. Lambert
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN  38103-1947
(Trial Only)

OF COUNSEL:
A C Wharton, Jr.
Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN  38103-1947

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN  37243-0497

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN  38103-1947

James M. Lammey, Jr.
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN  38103-1947

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Reginald O. Webb[1] (defendant), was convicted of murder in the second degree, a Class A felony, by a jury of his peers. The trial court found that the defendant was a standard offender and imposed a Range I sentence consisting of confinement for twenty (20) years in the Department of Correction. In this Court the defendant contends (a) the evidence was insufficient, as a matter of law, to support a finding by a rational trier of fact that he was guilty of murder in the second degree, and (b) the trial court committed error of prejudicial dimensions by instructing the jury on flight following the commission of a criminal offense. After a thorough review of the record and the briefs submitted by the parties, it is this Court's opinion the judgment of the trial court should be affirmed.

On the evening of December 18, 1993, the victim, Quinton Mitchell, and some of his friends visited the Club River City. The nightclub was located at the intersection of Jackson Avenue and Dunlap Street in Memphis. When the club closed on the morning of December 19, 1993, at approximately 3:30 a.m., there was a confrontation between the victim, the defendant, and some of the defendant's friends. It appears there was an earlier confrontation and fight the week before between some of the defendant's friends and relatives of the victim. The victim shouted obscenities to these individuals and called them cowards. As the defendant and his friends were walking across Jackson Avenue in front of the nightclub, the victim walked toward the defendant and his friends.

When Ontario Simpson, known as "Little Man" to most of the witnesses, objected to the comments made by the victim, the victim struck Simpson with his fist. The defendant testified he thought Simpson was too small to fight the victim who was a much larger man. The defendant asked the victim: "Why don't you fight me?" A fistfight erupted between the defendant and the victim. A friend of the defendant and a friend of the victim made several attempts to stop the fight. Eventually, these friends were able to separate the defendant and the victim, and the parties quit fighting.

A friend of the defendant retrieved a motor vehicle and pulled onto Jackson Avenue.

---

[1]The defendant testified his name is Reginald Orlando Monroe. However, he stated he also goes by the name of Reginald O. Webb.

The defendant stopped the vehicle, the driver opened the trunk of the vehicle, and the defendant retrieved a pistol from the trunk. He then began walking towards the victim and two of his friends who were standing in front of a fast food establishment. When one of the victim's friends saw that the defendant was armed with a pistol, he told the victim to run. The victim stood there for a second. The victim and his friends then ran around the side of the building to an alley and began running down the alley. The defendant chased the victim. He fired six shots from the pistol. One of the projectiles struck the victim in the back. He died shortly after being shot.

An autopsy was performed by Dr. Jerry T. Francisco. He testified the victim died from the gunshot wound to the back. The projectile struck large vessels in the chest and the heart. The bullet then exited through the victim's chest.

The defendant and his witnesses admitted the defendant and the victim fought until the friends separated the combatants. However, all of these witnesses denied that the defendant was armed with a pistol and the defendant shot the victim. According to these witnesses, they heard the gunshots while the defendant and the victim were still fighting. They said after they heard gunshots, they fled in a vehicle.

## I.

The defendant contends the evidence is insufficient, as a matter of law, to support his conviction for murder in the second degree. He argues the record establishes the offense of voluntary manslaughter.

## A.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803

3

S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

**B.**

Before an accused can be convicted of murder in the second degree, the State of Tennessee must prove beyond a reasonable doubt the accused "knowingly killed" the victim. Tenn. Code Ann. § 39-13-210(a). Before an accused can be convicted of voluntary manslaughter, the State of Tennessee must prove beyond a reasonable doubt the accused

4

(a) intentionally or knowingly killed the victim and (b) the accused was "in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). As a general rule, whether the accused killed the victim in the heat of passion as defined by the statute is a question which the jury must resolve when determining whether the killing in question was murder in the second degree or voluntary manslaughter.

In this case, the jury rejected the defendant's argument that he killed the victim in a state of passion by finding the defendant guilty of murder in the second degree. The evidence supports the verdict of the jury.

As previously stated, the friends of the defendant and the victim were successful in stopping the fight. The victim retreated to the corner of a building. He was not armed. The defendant walked into the middle of Jackson Avenue. He signaled his friend who had brought him to the nightclub to stop his motor vehicle. He obtained a pistol from the trunk of the vehicle. When the victim realized the defendant was armed, he ran around the corner of a building with two of his friends. The defendant gave chase. As the three men ran along an alley behind the buildings on the north side of Jackson, the defendant fired six shots. One of these shots struck the victim. When the shots were fired, the victim did not pose a threat to the defendant. In fact, the victim was running away from the defendant. In short, the jury could conclude from these facts sufficient time had elapsed between the fight and the fatal shooting for any state of passion which may have existed to dissipate. The defendant could and should have gotten into the vehicle he stopped and left the area. After killing the victim, the defendant left the scene in this same vehicle.

This Court concludes there is sufficient evidence contained in the record to support a finding by a rational trier of fact the defendant was guilty of murder in the second degree beyond a reasonable doubt. Tenn. R. App. P. 13(e). Thus, this issue is without merit.

## II.

When the trial court advised counsel the court was going to instruct the jury on the law of flight, defense counsel objected to giving the instruction. Counsel argued that while

5

the defendant left the situs of the crime, he did not hide from the police or conceal himself. The State of Tennessee urged the trial court to include a flight instruction in the charge given to the jury. The trial court subsequently instructed the jury on flight.

The defendant relies upon this Court's opinion in State v. Whittenmeir, 725 S.W.2d 686 (Tenn. Crim. App. 1986), per. app. denied (Tenn. 1987). In Whittenmeir, this Court held the evidence must establish (a) the accused must leave the situs of the crime and, subsequently, (b) hide, evade, or conceal himself within the community or leave the city. This Court recognized the holding in Whittenmeir in State v. Payton, 782 S.W.2d 490, 498 (Tenn. Crim. App.), per. app. denied (Tenn. 1989).

In Payton, the accused left the situs of the crime. However, he subsequently returned. The defendant attempted to evade the police when the police attempted to take him into custody. He was arrested when he slipped and fell to the ground. This Court held that a flight instruction was properly given by the trial court. In ruling, this Court said: "The defendant's evasion of authorities, no matter how brief, met the second part of the [Whittenmeir] test." 782 S.W.2d at 498.

In this case, the defendant left the scene of the murder with his friend in a motor vehicle. The defendant knew his identity was known to the witnesses. Thus, he spent the night with a friend. The police called the defendant's mother and ex-girlfriend in an effort to locate the defendant. His mother notified him the police were looking for him. Later that day, he went to the police station. His mother accompanied him.

Given these circumstances, the trial court properly charged the jury on the flight. The holding in Payton supported the giving of the instruction.

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
CURWOOD WITT, JUDGE